UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:22-cv-630-MOC-DSC

| | |
|---|---|
| SARA BETH WILLIAMS, BRUCE KANE, JASON YEPKO, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, GRASS ROOTS NORTH CAROLINA, and RIGHTS WATCH INTERNATIONAL, <br><br> Plaintiffs, <br> v. <br><br> SHERIFF GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County and the MECKLENBURG COUNTY SHERIFF'S OFFICE, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF CONDITIONAL NOTICE OF INTERVENTION** |

The State of North Carolina, by and through the Attorney General of North Carolina and the undersigned counsel, hereby submits this memorandum in support of its conditional notice of intervention, pursuant to Rules 5.1 and 24 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403(b)[1]. In support thereof, the State says the following:

## INTRODUCTION

The laws at issue in this lawsuit, N.C.G.S. § 14-415.13 through § 14-415.15, are part of North Carolina's comprehensive regime for the issuance of concealed handgun

---

[1] *See* 28 U.S.C. § 2403(b) ("In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court . . . shall permit the State to intervene . . . for argument on the question of constitutionality.").

permits (hereafter "CHPs"), N.C.G.S. § 14-415.10, *et seq.* North Carolina is one of 43 states known as "'shall issue' jurisdictions, where authorities must issue concealed-carry [handgun] licenses whenever applicants satisfy certain threshold requirements, without granting licensing officials discretion to deny licenses based on a perceived lack of need or suitability." *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 142 S. Ct. 2111, 2123 (2022). "[S]hall issue licensing regimes are constitutionally permissible, subject of course to an as-applied challenge if a shall-issue licensing regime does not operate in that manner in practice." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).

Despite this presumption of constitutionality, Plaintiffs have challenged North Carolina's concealed-carry licensing regime. Whether Plaintiffs intend to raise a facial or as-applied challenge to the regime is unclear: on the one hand, they ask this Court to declare certain parts of the regime unconstitutional. [D.E.1, Complaint, p 37; D.E. 15, PI Reply pp 2-3 ("Plaintiffs are not asking the Court to interpret the North Carolina permitting statutes in any particular way, but merely to strike down the unconstitutional portions thereof.")] But on the other, their Complaint itself seems to concede that North Carolina's concealed-carry process can be applied constitutionally. *See* D.E. 1, ¶¶ 84-90 (calling Sheriff McFadden's interpretation and application of the concealed-carry regime an "outlier" amongst North Carolina sheriffs).

Given this ambiguity, the State hereby intervenes insofar as this Court understands Plaintiffs to raise a facial challenge to North Carolina's concealed-carry regime. *See* Fed. R. Civ. P. 5.1; Fed. R. Civ. P. 24; 28 U.S.C. § 2403(b) (granting the State automatic intervention). Though the State believes that Plaintiffs' Complaint is best understood to

raise an as-applied challenge, the State stands ready to defend the concealed-carry regime against a facial attack should this Court disagree. As *Bruen*—and, in particular, Justice Kavanaugh's concurring opinion—make clear, North Carolina's concealed handgun permit regime is plainly constitutional.

## BACKGROUND

The North Carolina legislature granted the authority for issuing concealed handgun permits to sheriffs. N.C.G.S. § 14-415.11(b). An individual wishing to obtain a concealed handgun permit submits an application to the sheriff of the county in which they reside. N.C.G.S. § 14-415.13(a). "The sheriff *shall issue* a permit to an applicant if the applicant qualifies under the [] criteria" enumerated in N.C.G.S. § 14-415.12(a)(1)-(5). N.C.G.S. § 14-415.12(a) (emphasis added). In addition to confirming that an applicant has submitted all of the required materials, sheriffs are also charged with determining the "qualification or competency of the person applying for the permit, including record checks." N.C.G.S. § 14-415.15(a). To make that determination, sheriffs are authorized to request any records concerning the mental health or capacity of the applicant. *Id.* However, they must make their requests within 10 days of receiving the application items listed in N.C.G.S. § 14-415.13. N.C.G.S. § 14-415.15(a). "[W]ithin 45 days after receipt of the items listed in N.C.G.S. § 14-415.13 from an applicant, *and receipt of the required records concerning the mental health or capacity of applicant*, the sheriff shall issue or deny the permit." N.C.G.S. § 14-415.15(a) (emphasis added).

# PROCEDURAL HISTORY

Plaintiffs Sara Beth Williams, Bruce Kane, Jason Yepko, Gun Owners of America, Inc., Gun Owners Foundation, Grass Roots North Carolina, and Rights Watch International filed their Complaint on November 28, 2022. [D.E. 1] The Complaint alleges that Garry McFadden, the Mecklenburg County Sherriff, has violated their Second Amendment rights through his implementation of certain provisions of North Carolina's concealed handgun licensing regime. [D.E. 1, at 1-2 (citing N.C.G.S. §§ 14-415.13 to N.C.G.S. 14-415.15 (collectively "Mental Health Provisions"))]. The Complaint asks the Court to declare the Mental Health Provisions unconstitutional. *Id.*

On December 12, 2022, Plaintiffs filed a motion for preliminary injunction. [D.E. 9] On January 10, 2023, Defendants filed their response to Plaintiffs' motion. [D.E. 14]

On February 6, 2022, Defendants filed a motion to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [D.E. 16]

On or about December 7, 2022, a copy of Plaintiffs' Complaint was served on the State pursuant to Rule 5.1 of the Federal Rules of Civil Procedure. The body of the Complaint (though not the caption) identified North Carolina Attorney General Josh Stein as a defendant "in his official capacity as the Attorney General of North Carolina Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure." [D.E. 1, ¶ 15] The Complaint further alleged that "[b]y granting Sheriff McFadden unbridled discretion to violate Plaintiffs' rights through use of the Mental health Provisions, Defendant Stein is liable to Plaintiffs pursuant to 42 U.S.C. § 1983." [D.E. 1, ¶ 109] On January 6, 2024, Plaintiffs and Attorney General Stein entered into a stipulation that Attorney General Stein was not a defendant in

this action and that the Complaint does not seek relief from him. [D.E. 13, ¶¶ 1-2] The joint stipulation further provided that Attorney General Stein would have until February 7, 2023, to move to intervene in this action pursuant to Rule 5.1. [D.E. 13, ¶ 3]

## ARGUMENT

Plaintiffs request this Court declare the "mental health provisions" included in N.C.G.S. § 14-415.13 through N.C.G.S. § 14-415.15 unconstitutional under the Second and Fourteenth Amendments of the United States Constitution, [D.E. 1, ¶¶ 96-106], barring enforcement "insofar as they grant unfettered discretion to local sheriffs to determine what mental health record to seek, and how long to wait to receive them," [D.E. 1, p 38, ¶ c]. As discussed below, Plaintiffs at best state an as-applied challenge to the statutes. However, should this Court conclude otherwise, the State hereby moves to intervene.

A plaintiff asserting a facial challenge "must establish that no set of circumstances exists under which an act would be valid." *Fusaro v. Howard*, 19 F.4th 357, 373 (4th Cir. 2021) (internal citations and quotations omitted). Facial challenges are the "most difficult challenge to mount successfully," and are generally disfavored. *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); *see also Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51, 170 L. Ed. 2d 151 (2008) (discussing reasons facial challenges are disfavored).

Here, the Complaint alleges that under *most* circumstances sheriffs implement North Carolina's concealed handgun permitting regime in a valid, constitutional manner. Plaintiffs allege "[f]ew if any other North Carolina sheriffs make such mental health requests before issuing CHPs and, not coincidentally, those sheriffs are able to issue or

deny all CHP applications within the 45-day window." [D.E. 1, ¶ 21] Therefore, according to Plaintiffs, Defendant McFadden's implementation of North Carolina's concealed handgun permit regime is the exception, not the rule. The Complaint further alleges "most North Carolina sheriffs are completing the entire CHP application process . . . in mere days or a few weeks," whereas Defendant McFadden "drag[s] the process on for many, many months and, in some cases, over a year." [D.E. 1, ¶ 67] Plaintiffs allege "[t]his lengthy delay" violates *Bruen*. [D.E. 1, ¶ 68] Put simply, rather than allege that there are no circumstances under which the challenged statutes may be applied consistent with the Constitution, the Complaint does the opposite: it alleges that most North Carolina sheriffs implement the CHP licensing regime in accord with constitutional standards.

Ultimately, the Complaint makes clear that seeking mental health records is unconstitutional only in certain scenarios. Plaintiffs allege "the Mental Health Provisions are unconstitutional, insofar as they grant unfettered discretion to local sheriffs to determine what mental health records to seek, and how long to wait to receive them." [D.E. 1, p 37, ¶ c] Thus, under Plaintiffs' theory of this case, sheriffs only violate the Constitution when they exceed their discretion in requesting records, or wait too long to receive them. This does not satisfy the requirements for pleading a facial challenge.

Finding that Plaintiffs have failed to allege a facial challenge would be consistent with *Bruen,* which anticipated that shall-issue regimes would be subject to as-applied challenges. In *Bruen*, the Court explained that the presumptively constitutional 43 "shall issue" regimes "can be put toward abusive ends . . . where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to

6

public carry." *Bruen*, 597 U. S. \_\_\_, 213 L. Ed. 2d at 419 n.9. However, as Justice Kavanaugh explained in his concurring opinion, such challenges are "as-applied." See *Bruen*, 597 U. S. \_\_\_, 213 L. Ed. 2d at 445 (Kavanaugh, J., concurring) ("[S]hall issue licensing regimes are constitutionally permissible, subject of course to an as-applied challenge if a shall-issue licensing regime does not operate in that manner in practice.").

In sum, Plaintiffs raise the type of as-applied challenge anticipated in *Bruen*, and not a facial challenge, as they claim.

## **CONCLUSION**

While the Complaint purports to raise both facial and as-applied constitutional challenges to N.C.G.S. § 14-415.13 through N.C.G.S. § 14-415.15, the allegations contained therein seem to raise only an as-applied challenge. The State intervenes insofar as the Court determines Plaintiffs have alleged a facial constitutional challenge to N.C.G.S. § 14-415.13 through N.C.G.S. § 14-415.15. Should this Court conclude that Plaintiffs have raised a facial challenge and, accordingly, grant the State's conditional motion to intervene, the State intends to seek leave of the Court to file a memorandum in support of Defendants' motion to dismiss at the appropriate time.

Respectfully submitted, this 7th day of February, 2023.

JOSHUA H. STEIN
Attorney General

/s/ Michael Bulleri
Michael Bulleri
Special Deputy Attorney General
N.C. State Bar No. 35196
N.C. Department of Justice
Post Office Box 629

Raleigh, NC 27602  
Telephone: (919) 716-6900  
Fax: (919) 716-6763  
Email: mbulleri@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This 7th day of February, 2023.

/s/ Michael Bulleri
Michael Bulleri
Special Deputy Attorney General