IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:22-cv-630-MOC-DSC

| | |
|---|---|
| SARA BETH WILLIAMS, BRUCE KANE, JASON YEPKO, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, GRASS ROOTS NORTH CAROLINA, and RIGHTS WATCH INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF GARRY MCFADDEN, in his official capacity as Sheriff of Mecklenburg County, and the MECKLENBURG COUNTY SHERIFF'S OFFICE<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) ANSWER TO COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendant Garry McFadden, in his official capacity as Sheriff of Mecklenburg County and the sole remaining defendant in the above-captioned case, answers Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## PARTIES

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

7. Defendant admits only that after receipt of the items listed in N.C.G.S. § 14-415.13 and receipt of the required records concerning her mental health or capacity, Sara Beth Williams' CHP was approved on November 18, 2022. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

8. Defendant admits only that after receipt of the items listed in N.C.G.S. § 14-415.16, and receipt of the required records concerning his mental health or capacity, Bruce Kane's CHP renewal was approved on January 6, 2023. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

9. Defendant admits only that after receipt of the items listed in N.C.G.S. § 14-415.16, and receipt of the required records concerning his mental health or capacity, Jason Yepko's CHP renewal was approved on November 16, 2022. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

12. Defendant admits the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

## STATEMENT OF FACTS

16. Defendant admits the allegations of this paragraph.

17. Defendant admits only that a suit was filed in Mecklenburg County Superior Court entitled *Gun Owners of America v. McFadden*, 21 CVS 12654. Except as so admitted, Defendant denies the remaining allegations of this paragraph.

18. Defendant admits the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

25. Defendant admits the allegations of this paragraph.

26. Defendant admits only that in *District of Columbia v. Heller*, the United States Supreme Court held that the Second Amendment conferred upon an individual the right to keep and bear arms in the home. Except as so admitted, Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

27. Defendant admits the allegations of this paragraph.

28. Defendant admits only that Plaintiffs have accurately cited to Justice Alito's concurrence in *Caetano v. Massachusetts*. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations of this paragraph.

29. Defendant admits only that in *Bruen*, the United States Supreme Court held that when the Second Amendment's plaint text covers an individual's conduct, the Constitution presumptively protects that conduct, and the government must justify its regulation by demonstrating that the regulation is consistent with the Nation's historical treatment of firearm regulation. Except as so admitted, Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

30. Defendant admits the allegations of this paragraph.

31. Defendant admits only that prior to *Bruen*, the Fourth Circuit employed a two- part approach in Second Amendment challenges. Except as so admitted, Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

32. Defendant admits only that in *Bruen*, the United States Supreme Court held that when the Second Amendment's plaint text covers an individual's conduct, the Constitution presumptively protects that conduct, and the government must justify its regulation by demonstrating that the regulation is consistent with the

Nation's historical treatment of firearm regulation. Except as so admitted, Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

33. Defendant admits the allegations of this paragraph.

34. Defendant admits the allegations of this paragraph.

35. Defendant admits only that in *Bruen*, the United States Supreme Court held that when the Second Amendment's plaint text covers an individual's conduct, the Constitution presumptively protects that conduct, and the government must justify its regulation by demonstrating that the regulation is consistent with the Nation's historical treatment of firearm regulation. Except as so admitted, Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

36. Defendant lacks sufficient information or knowledge to form a belief about the allegations of this paragraph.

37. Defendant lacks sufficient information or knowledge to form a belief about the allegations of this paragraph.

38. Defendant admits the allegations of this paragraph.

39. Defendants admit the allegations of this paragraph.

40. Defendant admits the allegations of this paragraph.

41. Defendant admits only that foonote 9 in *Bruen* is accurately stated. Except as so admitted, Defendant denies the remaining allegations of this paragraph.

42. Defendant admits the allegations of this paragraph.

43. Defendant admits that the provisions of 18 U.S.C. §§ 922 (t)(1)(B)(ii) and (1)(C) are accurately stated. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

44. Defendant admits the allegations of this paragraph.

45. Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations of this paragraph.

46. Defendant admits only that N.C.G.S. § 14-409.43 is accurately stated. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations of this paragraph.

47. Defendant admits the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant lacks sufficient information or knowledge to form a belief about the allegations of this paragraph.

50. Defendant denies the allegations of this paragraph.

51. Defendant admits the allegations of this paragraph.

52. Defendant admits the allegations of this paragraph.

53. Defendant admits the allegations of this paragraph.

54. Defendant admits the allegations of this paragraph.

55. Defendant admits the allegations of this paragraph.

56. Defendant admits the allegations of this paragraph.

57. Defendant admits only that N.C.G.S. § 14-415.13 is accurately stated. Except as so admitted, Defendant denies the remaining allegations of this paragraph.

58. Defendant admits the allegations of this paragraph.

59. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

60. Defendant denies the allegations of this paragraph.

61. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

62. Defendant admits the allegations of this paragraph.

63. Defendant admits the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant admits the allegations of this paragraph.

66. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies the allegations of this paragraph.

69. Defendant admits the allegations of this paragraph.

70. Defendant admits the allegations of this paragraph.

71. Defendant admits the allegations of this paragraph.

72. Defendant admits allegations of this paragraph.

73. Defendant denies the allegations of this paragraph.

74. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

75. Defendant admits only that Sara Beth Williams' CHP was approved on November 18, 2022. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

76. Defendant denies the allegations of this paragraph.

77. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

78. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

79. Defendant lacks sufficient knowledge or information to form a belief about the allegations of this paragraph.

80. Defendant denies the allegations of this paragraph.

81. Defendant admits only that he requests VA records for all applicants to determine if they suffer from a physical or mental infirmity that prevents their safe handling of a handgun pursuant to N.C.G.S. § 14-415.12(a)(3). Except so admitted, Defendant denies the remaining allegations of this paragraph.

82. Defendant denies the allegations of this paragraph.

83. Defendant denies the allegations of this paragraph.

84. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

85. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

86. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

87. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

88. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

89. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

90. Defendant lacks sufficient information or knowledge to form a belief about the remaining allegations of this paragraph.

91. Defendant admits that *Bruen's* footnote 9 is accurately stated. Except as so admitted, Defendant denies the remaining allegations of this paragraph.

92. Defendant admits only that he has access to NICS, and runs a NICS check prior to issuing a CHP. Except as so admitted, Defendant denies the remaining allegations of this paragraph.

93. Defendant denies the allegations of this paragraph.

94. Defendant denies the allegations of this paragraph.

95. Defendant denies the allegations of this paragraph.

## **COUNT I**

96. No response is necessary for this paragraph.

97. Defendant denies the allegations of this paragraph.

98. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

99. Defendant admits the allegations of this paragraph.

100. Defendant denies the allegations of this paragraph.

101. Defendant denies the allegations of this paragraph.

102. Defendant denies the allegations of this paragraph.

103. Defendant denies the allegations of this paragraph.

## COUNT II

104. No response is necessary for this paragraph.

105. This claim has been dismissed by the Court so this allegation is denied.

106. This claim has been dismissed by the Court so this allegation is denied.

107. This claim has been dismissed by the Court so this allegation is denied.

108. This claim has been dismissed by the Court so this allegation is denied.

109. This claim has been dismissed by the Court so this allegation is denied.

## COUNT III

110. No response is necessary for this paragraph.

111. This claim has been dismissed by the Court so this allegation is denied.

112. This claim has been dismissed by the Court so this allegation is denied.

113. This claim has been dismissed by the Court so this allegation is denied.

114. This claim has been dismissed by the Court so this allegation is denied.

115. This claim has been dismissed by the Court so this allegation is denied.

116. This claim has been dismissed by the Court so this allegation is denied.

## COUNT IV

117. No response is necessary for this paragraph.

118. This claim has been dismissed by the Court so this allegation is denied.

119. This claim has been dismissed by the Court so this allegation is denied.

120. This claim has been dismissed by the Court so this allegation is denied.

121. This claim has been dismissed by the Court so this allegation is denied.

122. This claim has been dismissed by the Court so this allegation is denied.

123. This claim has been dismissed by the Court so this allegation is denied.

124. This claim has been dismissed by the Court so this allegation is denied.

125. This claim has been dismissed by the Court so this allegation is denied.

126. This claim has been dismissed by the Court so this allegation is denied.

WHEREFORE, Defendant requests that Plaintiff take nothing by way of their Complaint, for trial by jury, and for any other relief deemed appropriate by the Court.

This 15th day of August 2023.

>s/Sean F. Perrin
>Womble Bond Dickinson (US) LLP
>301 S. College Street, Ste. 3500
>Charlotte, North Carolina 28202
>Telephone: 704-331-4992
>Facsimile: 704-338-7814
>Sean.Perrin@wbd-us.com
>
>/s/ Marilyn Porter
>N.C. State Bar. No. 8859
>Marilyn.porter@mecklenburgcountync.gov
>/s/ J. George Guise
>N.C. State Bar. No. 22090
>Mecklenburg County Sheriff's Office
>801 East Fourth St.
>Charlotte, NC 28202
>Telephone: 704- 336-8100
>George.Guise@mecklenburgcountync.gov
>
>*Attorneys for Defendant*