UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-630-MOC-SCR

| | |
|---|---|
| SARA BETH WILLIAMS, BRUCE KANE, JASON YEPKO, GRASS ROOTS NORTH CAROLINA, RIGHTS WATCH INTERNATIONAL, GUN OWNERS OF AMERICA, INC., AND GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>GARRY MCFADDEN, IN HIS OFFICIAL CAPACITY AS SHERIFF OF MECKLENBURG COUNTY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CONSENT DECREE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on a Consent Motion to Enter Consent Decree by Garry McFadden (Doc. No. 40). The motion is **GRANTED**.

The Court therefore finds:

**THIS COURT** having received a Complaint filed by Plaintiffs Sara Beth Williams, Bruce Kane, Jason Yepko, Grass Roots North Carolina, Rights Watch International, Gun Owners of America, Inc., and Gun Owners Foundation ("Plaintiffs") (Doc. #1), and an Answer filed by Defendant Gary McFadden, in his official capacity as Sheriff of Mecklenburg County (Doc. #30), this Court finds:

That North Carolina law provides that all North Carolina Sheriffs must issue concealed handgun permits ("CHPs") to qualified applicants "within 45 days after receipt of the [application] items . . . from an applicant, and receipt of the required records concerning the mental health or capacity of the applicant." N.C. GEN. STAT. § 14-415.15(a); and

1

That all North Carolina Sheriffs "shall make the request for any records concerning the mental health or capacity of the applicant within 10 days of receipt of the [application] items." Id.; and

That all North Carolina Sheriffs shall issue a permit to an applicant if the applicant qualifies under the criteria listed in N.C. GEN. STAT. § 14-415.12(a), including that an applicant does not "suffer[s] from any physical or mental infirmity that prevents the safe handling of a handgun."; and

That Plaintiffs' Complaint alleged that issuance and renewals of CHPs were taking in excess of twelve months for Defendant to process and ultimately issue (see Doc. #1, ¶¶ 7, 8), and Defendant denied these allegations (see Doc. #30);

That Plaintiffs alleged that the Sheriff's policy of requesting "mental health records" from a number of facilities, including the Department of Veterans Affairs for individuals who were never treated at these facilities, led to the delays in issuance of permits complained of in the Complaint (see Doc. #1, ¶ 20), and Defendant denied these allegations (see Doc. #30);

That Plaintiffs' Prayer for Relief, among other things, requested preliminary and permanent injunctive relief against Defendant, enjoining him from "impermissibly delaying the processing and issuance of concealed handgun permits," and requiring Defendant to "issue or deny Concealed Handgun Permits within the statutory timeframe of 45 days of receipt of an application" (see Doc. #1, Prayer for Relief); and

That the Court denied Plaintiffs' request for preliminary injunction and dismissed Plaintiffs' substantive due process, and Equal Protection Claims against Defendant, with the only remaining claim being a Second Amendment claim brought pursuant to 42 U.S.C. § 1983 (see Doc. #29);

That Defendant, in his official capacity as Sheriff of Mecklenburg County, enters into this consent decree and does hereby agree to the following:

That the Sheriff shall issue or deny all concealed handgun permit applications within 45 days of receipt of those items listed in N.C. GEN. STAT. § 14-415.13(a), a response from the National Instant Criminal Background System ("NICS") and the Administrative Office of the Courts, and receipt of any mental health records from doctors, hospitals or other providers, listed in an applicant's AOC form SP-914; and

That the Sheriff may seek mental health records regarding any applicant only if that applicant indicates (i) that he or she has sought treatment for mental health at a provider which has been listed by the applicant on AOC form SP-914, or (ii) has answered yes to the question "Are you currently or have you been previously adjudicated or administratively determined to be lacking mental capacity or mentally ill," or (iii) has answered "yes" to the question "Are you an unlawful user of (or addicted to) marijuana, alcohol, or any depressant, stimulant or narcotic drug, or any other controlled substance as defined in 21 U.S.C. 802" on the concealed handgun permit application; and

That, pursuant to 42 U.S.C. § 1988 only, Plaintiffs shall be considered "prevailing parties" for purposes of attorneys' fees. Other than set forth below, each side shall bear their own costs and fees. Defendant agrees to pay $5,000 in attorneys' fees to Plaintiffs, and to pay Plaintiffs' portion of the mediation fee.

1. IT IS HEREBY ORDERED THAT Defendant Sheriff Gary McFadden, in his official capacity as Sheriff of Mecklenburg County, shall issue or deny all concealed handgun permit applications within 45 days of receipt of those items listed in N.C. GEN. STAT. § 14-415.13(a), a response from NICS and the Administrative Office of the Courts, and receipt of any

mental health records from doctors, hospitals, or other providers listed in an applicant's AOC-SP-914 and

2. That the Sheriff may seek mental health records regarding any applicant only (i) if that applicant has indicated that he or she has sought treatment for mental health at a provider which has been listed by the applicant on AOC form SP-914, or (ii) has answered yes to the question "Are you currently or have you been previously adjudicated or administratively determined to be lacking mental capacity or mentally ill," or has answered yes to the question "Are you an unlawful user of (or addicted to) marijuana, alcohol, or any depressant, stimulant or narcotic drug, or any other controlled substance as defined in 21 U.S.C. § 802" on the concealed handgun permit application; and

3. That, pursuant to 42 U.S.C. § 1988 only, Defendant agrees that Plaintiffs shall be considered "prevailing parties" for purposes of attorneys' fees. Other than set forth below, each side shall bear their own costs and fees. Defendant agrees to pay $5,000 in attorneys' fees and to pay Plaintiffs' portion of the mediation fee.

4. Plaintiffs will dismiss this Complaint with prejudice within five days of the entry of this Order.

5. Nothing in this Order shall constitute an admission of liability, duty, or wrongdoing by any party, or an admission that any other statute, law, or any policy, practice, or procedure of Defendant, their officers, officials, employees, agents, or servants, at any time or in any way violated federal or other law;

6. This Order shall be effective on the third day after the Court enters it; and

7. The Court retains jurisdiction to enforce the terms of the Order.

8. The Consent Motoin to Enter Consent Decree by Garry McFadden (Doc. No. 40) is GRANTED.

Signed: September 4, 2024



I consent to the form and entry of the within Order:

s/Ronald J. Shook II
The Law Offices of Ronald J. Shook
121 E. Main Ave.
Gastonia, NC 28052
ron@rjshooklaw.com

s/Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
stephen@sdslaw.us

*Attorneys for Plaintiffs*

s/Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 South College St.
Charlotte, NC 28202-6025
Sean.perrin@wbd-us.com

s/Marilyn Porter
Marilyn.porter@mecklenburgcountync.gov
s/J. George Guise
George.guise@mecklenburgcountync.gov
Mecklenburg County Sheriff's Office
801 East Fourth St.
Charlotte, NC 28202